At this time, would Counsel for the Appellant please come to the podium and introduce himself on the record to begin? Good morning, and may it please the Court, Justin Torelli, Counsel on behalf of the Appellant John Epstein, doing business as direct results. If I may reserve one minute of my time for rebuttal? You may. Thank you. This appeal stems from fundamental legal errors made by the District Court in adjudicating Mr. Epstein's copyright infringement claim against Bruce Furniture, Inc. Specifically, there are four primary grounds of error that we submit warrant vacating the judge's decision and remanding it for issuance of a new decision in accordance with the correct legal principles. First, the District Court disregarded the statutory presumption of validity that should have been afforded to Mr. Epstein's copyright. 17 U.S.C. section 410, subsection C, and I'm paraphrasing, says, in any judicial proceeding, the certificate of registration made within five years of first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated therein. There's no dispute that the certificate of registration for the 211 registration was submitted and it meets all those requirements. However, the District Court added an extra burden, a non-statutory burden, and said that Mr. Epstein did not enjoy the presumption of validity because he allegedly did not prove ownership of the underlying work. This copyright is for a derivative work. It modifies a preexisting work. Counsel, let me ask you about that argument because I think I read the District Court's decision differently than you do and I wanted to give you a chance to respond. I didn't read the District Court as saying that it was questioning the validity of the copyright. I read the District Court as saying because this is a derivative work and derivative works only, the copyright only protects what's new and protectable for a derivative work, and I don't know what the original work was. Nobody introduced it into evidence. I can't actually tell what's protected by this derivative work copyright, but then in the footnote, the court said, but I'm just going to go ahead and give your client the benefit of the doubt that everything that's original and protectable in the letter, the District Court would treat as protected. So that's how I read the District Court's ruling. I'm not sure why, what about the ruling suggests to you that the District Court was doubting the validity of your client's copyright? Is there something in particular you want to point us to? Yes. So we understand he said that in the footnote, but he in fact did not give us the presumption of validity. Our third round of error, there's a portion of the copyright that he did, that the District Court did not give weight to, and one of the reasons for not giving weight to that portion of the copyright, that's the phraseology that your bank can't do this, your credit card won't do it, the District Court held that it was so common in interest-free advertising so as to be unoriginal. Had the registration been presumed valid, the burden would have been on the Bruce Furniture. I thought that was just a protectability. Again, my understanding is that even when you have a valid copyright, it can only protect elements that are protectable, in other words, that have the requisite amount of originality. And so I read the District Court as saying, I just don't think those are protectable elements, they're not original enough, they're just common phrases. I didn't understand that to be ruling about validity. In other words, why is it validity rather than just what's protectable? That's two sides of the same coin. The copyright protects only what's original to the author, and when the District Court did not provide weight to some of the phraseology in the advertisement, it was under the statement that it was so common, in order for something to be so common, the assertion is it's not original to Mr. Epstein. And there's no evidence that those statements were not original to him in the record at all. And had the presumption of validity been afforded to him, the burden would have shifted to the Bruce Furniture to establish that it was common, which they did not. Counsel, given what Judge Rickleman has said, it seems to me that the real issue here is whether there was actual infringement, and I think to me that forget burdens, I mean, that's really the question here, and the way the District Court analyzed that, I mean, basically it said there's essentially no original creative content here that would justify copyright protection, and it went through all the reasons why that's true. And it seems to me that's what you've really got to focus on and convince us, that that's where the District Court went awry. I don't believe the District Court said there was none, but he did go through an analysis, and that's another issue. Yeah, I understand there's about the holidays as one way of measuring time, but that was really it in terms of any copyrightable content, isn't that correct? Which is why we're arguing that the other statements that the District Court did not give way to should have been included as part of the scope of protection for the derivative work. Okay. Are you going to address the actual infringement issue? Yes. Well, so part of the issue is the District Court, and it stems from... I'm sorry, Judge Lopez, just because I want you to get to that, but I wanted to make sure we finish up on the antecedent question about validity, just so I understand where we are. If the failure to provide evidence of the prior registered work for which this was a derivative work were fatal to being able to get the presumption of validity, what happens in the case? In other words, if we agreed with your opponents and aspects of the District Court's ruling that because there was no allegation about the ownership of the underlying work, if we given that it's derivative, what happens in the case? The case, if that were to be the holding, the case would proceed as it did. He would assign us the burden to prove that it was original and owned by Mr. Olson. So it's not in and of itself, in your view, fatal to the case? Not alone. Not alone.   However, the case law in our briefing shows that there's no requirement to present the earlier registration. The Iconics case, Streetwise, Borden, Gamma Audio, all the cases support the notion that there's no requirement to submit the earlier registration. A registration for the underlying work is not even required to be filed for. In the Iconics case, there was no earlier registration. And so it is our position that the District Court got hung up on the fact that that wasn't made into evidence, but there's no requirement to have it into evidence. And the Iconics, I urge the Court to look at the Iconics case. It is spot on in terms of the fact that you can assert a copyright for a derivative work, and although the copyright for the derivative work only extends to the incremental contributions, if the ownership is the same, the underlying work can also be, the created elements of the underlying work. If the ownership is the same? Yes. But what would be evidence here that the ownership was the same in the absence of an allegation about the underlying work? In our brief, we gave all the instances of when Mr. Epstein testified of when he authored and prepared all of the elements that we asserted to be copyrighted. If we didn't count that as somehow the failure to have it in the complaint was fatal, I just want to ask one more time whether that potentially creates a hinge point in the case that would be dispositive. If the conclusion was that there's just no basis for knowing whether the underlying work was owned by the owner of the derivative work, what then? If there was no basis, then the district court decision might be intact. But in here, there was no dispute. Are you challenging any aspect of the district court decision if we were to conclude that you lose on that first issue? We do challenge. The district court said we did not prove ownership of the underlying, but we do challenge that. Mr. Epstein testified to all the creative elements that he authored in that derivative work, which includes the underlying work as well, underlying elements. Just one last. If you lost on that point, I'm just trying to figure out what happens to your case. So even if we lose on the first round, the errors that the district court made in evaluating the claim are still more a vacating decision. On addendum page 10, the district court was looking for verbatim copying. The district court said that a derivative copyright only enjoys thin copyright protection, but we know that's not true. Copyrights for derivative works are not a second class of copyrights. They enjoy the full weight of copyright law, the protection that the copyright laws provide. And so the district court should not have been looking for verbatim copying. It should have applied the ordinary observer test from concrete machinery. Judge Lozano, I'm sorry. I don't know if this last thing answered what you wanted to ask. But you'll have to counsel if you want. You have an opportunity, if you want to take it, to address the actual infringement issue. Yeah. The last thing I'll say is we know that this case, the judge himself said on the joint appendix, page 270, that the court found the question of substantial similarity to be relatively close. That's the district court's quote. And that was through the lens of what we feel to be too narrow a lens in terms of the scope of protection. If this were to be remanded back in order to be evaluated under the correct legal principles, not looking for verbatim copying, with the presumption of validity, with the full scope of the advertisement as we presented it, it could provide a substantive change in the outcome of this case. So what is the original creative content in the Dunn advertisement that the district court was missing in its substantial similarity, lack of substantial similarity? What was it missing? There's two major points. The first one was your bank can't do this. Your credit card won't do it. For these few days, the furniture store will. He did not give that any weight in the scope of protection, and we believe he did that without evidence because it's not so common in interest-free advertising because there's nothing in the record that says it's common. And also through over-dissection. The CMM Cable case cautions that you're not to over-dissect. Any literary work can be dissected to a short amount of phrases collectively. And the district court clearly over-dissected it because he separated the first two phrases from the last phrase, which Mr. Epstein testified at trial, it's a marketing technique, it's called a string or a comparative to say, to lure the reader into thinking that the furniture store can provide this interest-free financing offer. And then the holiday expression to convey the passage of time was also not given any sort of weight in the decision either. The district court only mentioned it in a footnote and implied that that did not have any weight because Mr. Epstein didn't understand what the copyright covered. But we feel that that was a striking instance of similarity and should have been involved in the similarity analysis. Thank you. Thank you, counsel. At this time, would the counsel for the appellee please introduce himself on the record? Good morning, your honors. John Harding from Clyde & Co. for the defendant Bruce Furniture, Inc. It's an honor to be here with you on Judge LaPizza's last day and it gives your honor a chance to revisit the fond memories of Harding v. Sony Pictures, Inc. from 2013, which remains probably the leading statement of dissection that's involved in this case. The problem here, there are multiple problems with the arguments being presented by the appellant. First of all, I want to make it crystal clear, because I was trial counsel on this case from day one, that any issue regarding what is referred to as the 822 registration was never mentioned in any pleading, in any discovery response, or in anything at trial. So it goes beyond just that they didn't put in the paper for the 822 registration. That issue about the derivative work was never mentioned to the district court judge in any context. And what follows from that, or what do you think should follow from a failure of that kind, if you're right, that you're seeking to bring an infringement claim based on the derivative work, but you don't say anything about the underlying? What follows from that in your view? Is that itself fatal? Is that game over, or do you still have to do the analysis of substantial similarity? I think you still have to do it, but based on the 211, and on the validity of the copyright. Copyright can only be valid with respect to the scope that's defined in the Certificate of Registration. And if you look at the Certificate of Registration here for the 211, where it asks for the claimant's limitation, what's excluded from the copyright, it says text. If you say what's included in the copyright, it says text, comma, editing. So the problem here is not just that the derivative work wasn't introduced, but it was impossible for the district court to tell from this registration what was being claimed as protectable elements. I guess what I'm asking is, I understand the district court, notwithstanding that, went on to do analysis, including some analysis that doesn't seem rooted in the objection that you're making. That doesn't mean it's error, there could be independent grounds. But on your view, would it be permissible to simply say, because of this failure, not to identify the underlying work? That alone is going to make it impossible for them to succeed. We don't really have to get into some of these more complicated questions about dissection, substantial similarity. It's just, you just simply can't proceed, given what the face of 211 says. There's just really no way you're going to be able to make out your claim, given that problem. Is that true?  I think that's true. What authority is there to support that view? Well, I don't think any of the cases we cite, because this never came up, we didn't cite cases that that is the end of the game, because the court, in fact, correctly, if you just take the 211 registration, which is what was before the court and what was tried, what the court said, and what's ignored by Mr. Epstein, is that the court has to focus, with any copyrighted material, on what is protectable. It's settled law. You can't copyright facts. You can't copyright ideas. You can't copyright concepts. And the point about the phraseology, it's not that it was so common. That is not what the court said. The court said what this court said in CMM Cable, and in 37 CFR 202.1, which is the copyright's own office, own statement as to what's copyrightable, is that it is axiomatic. This is from the CMM Cable case, quoting Niemeyer on copyright, that it's axiomatic that short phrases, words, and slogans are not copyrightable as a matter of law. That's what was found in CMM Cable. So it wasn't a question of proof about commonality, although I'd suggest here, if you listen to TV any night of the week, you'll hear either Elliot and Bernie from Jordan's Furniture or the people from Bernie's and Phil's making all these exact kinds of statements about interest-free financing, which is not a concept that Mr. Epstein claims to be original to him, nor is it something that's copyrightable. And that's what the court focused on here, dealing with concepts or wordings that do not meet the test for what can be copyrighted. And those were the only points. Can I just, just for a minute, just to go back, because I'm also struggling to understand the same issue that Judge Barron is struggling with. You say that there was nothing mentioned about the copyright for the underlying work at any point during the case, but did you dispute that Mr. Epstein owned the copyright for the underlying work? Because he says you did not, and there's a reference to a status conference before the magistrate judge, which I haven't had a chance to look at what transpired at that status conference. But the way it's represented is that you essentially conceded that yes, he owns all the registrations related to this letter, and so that's just not going to be in dispute going forward. The district court is obviously not presiding over that status conference, so isn't aware of that. So according to opposing counsel, he just didn't realize that at the time of the trial. But the reason he says he didn't introduce any of this is because you never disputed that he owned the underlying registration. So can you respond? What exactly happened before Magistrate Judge Robertson? Well, that was, first of all, it was really more of a settlement conference, because at one time we had a settlement, and then we couldn't complete it for various reasons. But the only registration I was referring to was the 211, because in my whole dealings with the plaintiff, no one ever mentioned that there's a derivative work. It's the 822, and will you agree that we have this, and we can introduce it, we can do anything with it. It was literally never mentioned. So you're saying that you weren't even aware during the district court proceedings that there was an underlying work? Correct. I knew that there were literally dozens of registrations that had been filed by Mr. Epstein under his DBA direct results, dozens of them. But the only one that was ever sued upon, the only one that was ever mentioned with a claim that Bruce Furniture violated the copyright was the 211. Right, but on the face of the 211, it's clear that it's derivative. That's how everybody understands that, and it becomes an issue at the trial. So I guess my question to you is, since it's obvious from the face of the 211 that it's a derivative work, are you representing to the court that you were not aware that the underlying work was also subject to a copyright registration by Mr. Epstein? I honestly don't think I ever thought about it. We don't contest it because it's matters of records that all the registrations he owns are matters of record, and it's not a question. The district court went into this ownership piece, which we never argued that. I don't think it's really relevant to the court's ultimate findings in the case. So certainly we don't contest that Mr. Epstein had a dozen registrations, but if you're going to make a claim that someone violated it, you've got to tell the other side, and more importantly tell the district court judge that you're trying this, that look, here's this prior work, and here's what is protectable within that work, and here's why the defendant violated it. But that's, I take, I don't know if I'm following what your answer is to Judge Rookman. One version would be, now knowing about the underlying work, you don't contest they own that work. That's correct. Okay, fine. That's correct. But are you saying, though, for purposes of this litigation, as the litigation appears just on the face of the papers that matter, it's as if not only do you not know they own it, you don't even know it exists. All you know is 211 on its face is derivative of something. We don't know what. Correct. Okay, and if that's the case, then it would seem to me at least one possibility is if that's true, there's just no way the claim can succeed, because how are we ever going to know? If you don't know its derivative of, how are we going to get off the ground with the infringement claim? Correct. So that's not how the district court proceeded. Correct. That is not how the district court proceeded. So as a result, then all these other issues of some significance for future copyright cases are implicated. But I guess my question is, why would we need to get into them if you're right on this threshold point that they're claiming an infringement based on a facially limited derivative work of which they never identify what the underlying work is? You don't need to, because it's a failure proof. Counsel, the district court did proceed to address the actual infringement issue. In doing that, what did it assume was the relevant content that it should examine? Well, the content that's in the Dunn's letter, which is their registration, there was testimony about various elements of it, and the court ultimately determined that any protectable material in that registration was, quote, minimal. That's the words that the court used throughout the opinion, that it was minimal, and then used that minimal protectability to compare it to the Bruce Furniture piece, and concluded that there was no actual infringement. But the court did the analysis assuming essentially that the derivative work was the underlying work, right? It gave all the benefit of the... Yes. I mean, the court didn't look to my... There's nothing in the record suggesting that the court looked at the underlying work. It was never put in as an exhibit at trial, in post-trial briefing, or even on the record on this case. Yeah, I'm just asking a slightly different question, which is that the court could have done, could have ended the entire case, could have said, I'm only going to treat the derivative work as having these specific elements, but instead the court looked at the derivative work and just assumed that it was fully subject to copyright, never mind that the original, the underlying registration hadn't been presented, right? I mean, the court gave all the benefit of the doubt to Mr. Epstein in doing the substantial similarity analysis, correct? Yes, exactly. Because the, if this court or anyone looks now at the 822, you know, it's another, it's a private sale letter. I have not parsed out, since it wasn't laid out at trial, exactly what minor or text changes or editing changes were made between the derivative work and the one that was at issue, but plaintiff didn't lose anything because of the fact that if the court looks at the 822, it's obviously not verbatim or there wouldn't be a need for Mr. Epstein to have filed a subsequent registration, but the words that are, that were always the focus of plaintiff's argument about the bank won't do it, your credit card company won't do it, those are in the prior registration. Counsel, just very quickly, the uncertain reference to a prior work, who owned that prior work, did that in any way circumscribe the court's actual infringement analysis when it began to look at what was in the record, the done document? My sense is it did not circumscribe the court's analysis in any way. That's correct. I mean, the ownership point was never raised by either side. I'm not sure why the court, you know, on its own raised that issue, but it did not affect its analysis in terms of the dissection to determine what elements, what constituent elements of the work are in fact entitled to copyright protection, and then from there to conduct the substantial similarity test. So that ownership point had absolutely no effect on the district court's analysis or ultimate decision. Thank you. Thank you, your honors. At this time, would counsel for the appellant please reintroduce himself back on the record? He has a one-minute rebuttal. Justin Dorelli for the appellant. Opposing counsel mentioned that there was a failure of proof to introduce the certificate or the ownership for the underlying work. There's no case law, there's no statute that is cited for that proposition. There's simply no legal requirement to introduce an earlier work when suing for infringement on a derivative work. And your honor, you mentioned that the district court judge gave us the benefit of the doubt. I would disagree with that. The district court continued with the substantial similarity analysis, but he did not give us the presumption of validity. As it came to that portion of the copyright, the statement was, it's so common in free advertising to be unoriginal, that's not giving us the benefit of the doubt there. That's assuming that we didn't prove originality there, where if we had had gotten the presumption of validity, that would have been the burden on the defendant to show that that was unoriginal, which there was no evidence of that. The district court made that statement without any evidence to rely on. And so under any standard of review, it doesn't pass muster. Thank you. Thank you. Thank you, counsel. That concludes argument in this case.